# Savell *v.* The State.

*Failure to Discharge Duty as Road Overseer.*

(Decided March 2nd, 1907.   43 So. Rep. 201.)

1. *Criminal Law; Pleas in Abatement; Ruling; Review.*—Where a plea in abatement was subject to be stricken on motion it was not error prejudicial to defendant to overrule said plea.

2. *Same; Former Jeopardy; Ruling on Plea in Abatement.*—A plea of former jeopardy setting up that the csae was called for trial and both state and defense announced ready, the witnesses were sworn and put under the rule and defendant interposed a plea in abatement which was stricken on motion of the solicitor, and thereupon the court permitted the solicitor to withdraw his announcement of ready and continued the cause, was subject to demurrer in failing to show that a trial had been entered upon and as failing to show that anything was done towards passing upon the merits of the controversy.

3. *Roads and Highways; Officers; Liability; Evidence.*—It was immaterial whether or not the road in the precinct of which defendant is overseer was in as good condition as other roads in the community, and evidence tending to show this was properly excluded.

4. *Same.*—Proof that accused as overseer worked a road as a public road and proof that it was used by the public as such, was sufficient evidence to show that the road was a public road within the provisions of section 5398, Code 1896.

5. *Criminal Law; Evidence; Failure to Object.*—Although the proof introduced in this acse showing the appointment of defendant might have been excluded on timely objection as not being the best evidence yet being in evidence the court had no right to disregard it.

APPEAL from Geneva County Court.

Heard before Hon. P. N. HICKMAN.

Jack Savell was convicted of failing to discharge his duty as overseer of a road precinct and he appeals. Affirmed.

7 R

[Savell v. The State.]

The defendant interposed the following plea in abatement, which was duly verified: "The defendant says that his name is not Jack Saveel, nor has he ever been known or called Jack Saveel, but that his true and correct name, and the name by which he is known and called, is Jack Savell." The judgment entry shows this plea to have been overruled. The defendant then interposed the following plea: "Comes the defendant and for answer to the indictment pleads former jeopardy as follows: On Monday of the court in December, this cause was called for trial, and both the state and the defense announced ready. The witnesses were sworn and put under the rule. The defendant interposd to the indictment a plea in abatement to which plea a motion was made by the solicitor to strike, and sustained by the court. After this, and against the objection of the defendant, the solicitor insisted upon withdrawing his announcement of ready, and against the objection of the defendant the court allowed the solicitor to withdraw his announcement of ready and continued the cause. Wherefore defendant says that he has been in jeopardy." To this plea the following demurrers were interposed and sustained: "(1) Said plea fails to aver or show that trial was entered upon. (2) Said plea fails to show or aver that the indictment in the cause was read to the court at the time defendant alleged that he was put in jeopardy. (3) Said plea fails to show or aver that defendant pleaded not guilty to the indictment at time of alleged jeopardy."

W. O. MULKEY, for appellant.—The court erred in sustaining demurrer to defendant's plea of former jeopardy.—*State v. Robinson*, 46 La. Ann. 769; *Helm v The State*, 66 Miss. 537; *Hayes v. The State*, 107 Ala. 1; *Grogan v. The State*, 44 Ala. 9. The motion made by defendant to exclude all the evidence should have been granted.—§ 5398, Code 1896. The road in question was not a public road as the part complained of had been opened up by a private individual without authority from the commissioners' court.—*McDade v. The State*, 95 Ala. 28.

[Savell v. The State.]

ALEXANDER M. GARBER, Attorney General, for State.—The court properly sustained demurrer to the plea of former jeopardy.—*Scott v. The State,* 110 Ala. 48; s. c. 113 Ala. 64; *Bell v. The State,* 44 Ala. 394; *Prince v. The State,* 140 Ala. 158. The Attorney General discusses other assignments of error but cites no authority.

TYSON, C. J.—The plea in abatement which was overruled by the court, might well have been stricken on motion. There was, therefore, no error of which appellant can complain in the ruling of the court in disposing of it as was done.

The demurrer interposed to the plea of former jeopardy was properly sustained. The jeopardy sought to be invoked as a bar to the further prosecution was based upon the action of the court with respect to a plea in abatement, and not one in bar. Had the trial upon the plea culminated in a verdict and judgment for or against the issue tendered by it, such judgment would not have been a bar to a subsequent prosecution for the offense charged in the indictment, for the obvious reason that it was not an adjudication upon the merits involving the defendant's guilt or innocence. When such a plea is sustained by the verdict and judgment, the trial court should quash the indictment, and may order another preferred for the offense charged or intended to be charged.—Section 4922 of the Code of 1896. If the issue presented by the plea is found against it, then a trial must be had upon the indictment and the prisoner's plea of not guilty.

There was clearly no error in the ruling sustaining the objection to the question "whether or not the road in question was in as good condition during the year 1905 as other roads in the community." The fact that other roads were in bad condition was no excuse or justification for the defendant's failure to discharge his duty as road overseer. Furthermore, the question could have been answered by stating the condition of roads other than public roads.

The motion to exclude the entire evidence introduced by the prosecution was properly denied, as we will show. The contention in support of it proceeds upon the the-

[Savell v. The State.]

ory, first, that defendant's appointment as overseer was not proven; that the road in question was not shown to be in Geneva county; and that a portion of it was not shown to be a public road. In addition to the verbal statement of witnesses for the prosecution that defendant was overseer of the road, documentary evidence of his appointment by the probate judge, proof of the delivery of this paper to him, his resignation as overseer, or surrender of the paper to the judge, and the undertaking of the performance of the duties of overseer by him, were in evidence without objection. Certainly this affords some proof of his appointment.

But it seems to be contended that, because the commission evidencing his appointment was not served by the sheriff and shown by his return of a copy thereof showing such service, it was not entitled to any probative force whatever. In other words, the insistence seems to be that defendant's appointment could have been proven in no other way than by a copy of the commission to him and the sheriff's return made thereon, in the event the copy returned by the sheriff is not lost, and his acts or admissions.—Section 5398 of the Code of 1896. It may be conceded, for the purpose of this case, that the original paper commissioning the defendant might have been excluded upon timely objection, because not the best evidence of his appointment; yet, if it was permitted to be introduced without objection, as was the case, its probative force could not be destroyed in the manner attempted. Being in evidence, the court had no right to ignore it as evidence. It showed the defendant's appointment, and that the road he was to discharge the duties of overseer upon was in Geneva county.

There is clearly no merit in the contention that a portion of the road was not shown to be a public road, because not shown to have been opened by authority of the county commissioners. It was shown that defendant, as overseer, worked it as a public road, and that it was used by the public as such. This was all the proof required.—Section 5398 of the Code of 1896.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.